**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FRED LEDFORD, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:13-CR-0189-MHC-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-0236-MHC-RGV |

**FINAL REPORT AND RECOMMENDATION**

Movant Fred Ledford submitted a "Motion to Compel Government to File Fed. Crim. R. 35(b) [Motion] for Substantial Assistance," [Doc. 33], which the Court construed as Ledford's first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, see [Doc 34]. On January 28, 2015, the Court ordered Ledford to submit an amended § 2255 motion within thirty days. [Doc. 36]. The Court advised Ledford that failure to respond to the order would be interpreted as a withdrawal of the motion. [Id. at 2].

Ledford then sought an extension of time to respond to the Court's order, [Doc. 37], and requested a free copy of his sentencing transcript, [Doc. 38]. On March 2, 2015, the Court denied Ledford's request for his sentencing transcript, but granted him an extension until March 23, 2015, to comply with the Court's January 28, 2015, order.

[Doc. 39]. To date, Ledford has not submitted an amended § 2255 motion, and the Court interprets this as a withdrawal of his initial motion.

Moreover, Federal Rule of Civil Procedure 41(b) allows a district court to <u>sua sponte</u> dismiss a habeas corpus action without prejudice if the petitioner fails to prosecute the action or to comply with any court order. <u>Allen v. Albright</u>, No. 09-00351-CG-B, 2009 WL 3062006, at *1 (S.D. Ala. Sept. 18, 2009). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." <u>Zocaras v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006) (citing <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630-31 (1962)).

The Court's Local Rules also provide that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3A(2), NDGa. Because Ledford has not complied with the Court's orders to submitted an amended § 2255 motion, even after being granted an extension of time to comply, his case should be dismissed. See <u>Martinez v. United States</u>, Nos. 1:08-CR-0363-TWT-RGV-5 and 1:12-CV-1202-TWT-RGV, 2012 WL 3989952, at *2 (Aug. 6, 2012) (recommending dismissal without prejudice of § 2255 motion for movant's

failure to comply with lawful orders of the court), report and recommendation adopted by, 2012 WL 3989944, at *1 (N.D. Ga. Sept. 10, 2012).  For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for petitioner's failure to prosecute and failure to obey the Court's orders of January 28, and March 2, 2015.

**IT IS FURTHER RECOMMENDED**, pursuant to Rule 11 of the of the Rules Governing Section 2255 Proceedings for the United States District Courts, that the Court decline to grant petitioner a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 3rd day of April, 2015.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE